UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                 Civil No.

vs.                                          Honorable:
                                              Magistrate Judge:

Sixty-Five Thousand Twenty Dollars
($65,020.00) in U.S. Currency,

        Defendant *in rem*.
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through its undersigned attorneys, and states upon information and belief in support of this Complaint for Forfeiture as follows:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 881, resulting from one or more violations of 21 U.S.C. §§ 841(a)(1) and 846.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the United States' claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. §§ 1395(a)-(b) as the action accrued, and the Defendant *in rem* was found and seized, in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of Sixty-Five Thousand Twenty Dollars ($65,020.00) in U.S. Currency ("Defendant Currency"). Special Agents of the Drug Enforcement Administration ("DEA") seized the Defendant Currency on or around August 2, 2019, during a traffic stop. The Defendant Currency is currently in the custody of the U.S. Marshals Service.

## UNDERLYING CRIMINAL STATUTES

7. 21 U.S.C. § 841(a)(1) prohibits the manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

8. 21 U.S.C. § 846 prohibits the attempt, or conspiracy to commit, *inter alia*, an offense under 21 U.S.C. § 841(a)(1).

## STATUTORY BASIS FOR CIVIL FORFEITURE

9. 21 U.S.C. § 881 governs the civil forfeiture of property which constitutes or is derived from the proceeds of controlled substance crimes, or which was used or intended to be used to facilitate such crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them . . . [a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

10. The Defendant Currency is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6). Evidence supporting this forfeiture includes, but is not limited to, the following:

    a. On August 2, 2019, a Michigan Department of State Police, K-9 Unit Officer initiated a traffic stop of a silver 2012 Buick Lacrosse (VIN 1G4GC5ER1CF210498) for a defective equipment violation, specifically a large crack in the windshield.

      b.      The driver, and only person in the vehicle, was Brandon Montgomery.

      c.      Montgomery immediately notified the officer that he had a Concealed Pistol License and a pistol in the driver door pocket. Montgomery then exited the vehicle and left the driver door open. When the officer asked if Montgomery had any narcotics or large amounts of U.S. currency in the vehicle, Montgomery stated that he had $65,000 but no narcotics.

      d.      Montgomery stated that he obtained the $65,000 through the recent sale of homes and gambling winnings.

      e.      The officer deployed his narcotics detection team. Canine "Rex" alerted on the front passenger door to the odor of narcotics and then entered the vehicle through the opened driver door. Rex then gave a positive indication to the odor of narcotics on a large black bag on the front passenger floorboard.

      f.      Inside the black bag were multiple stacks of U.S. currency wrapped in rubber bands.

      g.      The total amount was later determined to be $65,020.00.

      h.      The currency was sealed in a self-sealing evidence envelope (SSEE) in front of Montgomery, who also signed the SSEE.

## CLAIM

11. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 10.

12. The Defendant Currency is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) as property furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange (and/or the attempt or conspiracy to commit such an exchange), and/or as property used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841(a)(1) and/or 846.

## CONCLUSION AND RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

//

//

//

                                              Respectfully submitted,

                                              Saima S. Mohsin
                                              Acting United States Attorney

                                              <u>S/Cassandra M. Resposo</u>
                                              Cassandra M. Resposo (IL 6302830)
                                              Assistant U.S. Attorney
                                              211 W. Fort Street, Ste. 2001
                                              Detroit, Michigan 48226
                                              (313) 226-9736
Dated: April 22, 2021                  Cassandra.Resposo@usdoj.gov

## **VERIFICATION**

I, Scott Czopek, state that I am a Task Force Officer with the United States Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture, and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
Scott Czopek
Task Force Officer, DEA

Dated: ___4-21_____, 2021